# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

COURTNEY SMITH,                                                                                              PLAINTIFF
ADC # 149926

v.                                              5:15CV00015-JLH-JJV

ANNIE RECTOR, Mental Health Counselor,
Arkansas Department of Correction; *et al.*                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

**I.   INTRODUCTION**

Courtney Smith ("Plaintiff") alleges Defendant[1] Shawn Richard violated his rights by denying him constitutionally adequate medical care. Specifically, he claims Defendant Richard discontinued the medication to treat Plaintiff's "serious mental illness and manic depression." (Doc. No. 2 at 5.) Now, Defendant Richard has motioned for summary judgment based on Plaintiff's alleged failure to exhaust administrative remedies against him. (Doc. No. 43.) Plaintiff has not responded and the time for doing so has passed.

**II.   SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th

---

[1] Defendants Annie Rector, Robert Parker, Nina W. Battles, and Mead were dismissed without prejudice. (Doc. Nos. 15 & 38.) Only Defendant Richard remains.

Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones*, 549 U.S. at 211. "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust. *Id.* Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See Id*.

Plaintiff's allegations are governed by Administrative Directive 14-16. (Doc. No. 44-1.) An inmate who believes he has been wronged is first required to file an informal resolution. (*Id*. at 7.) If the inmate is unsatisfied by the outcome of the informal resolution, he may file a formal grievance.

3

(*Id*. at 10.) If the issue is medical in nature, this entitles him to a response from either the Health Services Administrator or the mental health supervisor for the facility. (*Id*. at 11.) If the inmate disputes the outcome of the formal grievance, he may appeal to the appropriate "Chief Deputy/Deputy/Assistant Director" of the Arkansas Department of Correction. (*Id*. at 13.) In using the grievance procedure, inmates must be specific as to their issues and any personnel involved. (*Id*. at 6-7.)

Defendant Richard argues Plaintiff exhausted nine medical grievances during the three years prior to filing this action. These grievances are: GR-11-01653, GR-11-01708, GR-11-01709, EAM12-04916, EAM12-04999, EA-12-02095, EA-13-00115, EA-13-00116, and NC-14-00367. (*Id*. at 2.) Defendant Richard states only NC-14-00367 relates to the time period between October 2014 and January 14, 2015, when Plaintiff alleges his psychiatric medication was discontinued. I have reviewed these grievances and agree with that conclusion.

In grievance NC-14-00367, Plaintiff states he is "writing this grievance on Ms. Rector the mental health administrator" for discontinuing his treatment. (*Id*. at 55.) The grievance references a "mental health [doctor]," but this individual is never named and no specific claims are asserted against him. (*Id*.) The unit level response addressed only Plaintiff's claim against Ms. Rector. (*Id*. at 56.) Plaintiff asserted a claim against the unnamed physician for the first time in his grievance appeal, where he argued the provider had no right to discontinue his medication. (*Id*.) The appeal decision again noted the grievance was directed at Ms. Rector, and went on to uphold the unit level denial. (*Id*. at 57.) In so doing, it touched upon the provider's rationale for discontinuing Plaintiff's medication, but never specifically referenced Dr. Richard. (*Id*.) Based on the foregoing, I recommend Defendant Richard be dismissed due to Plaintiff's failure to exhaust administrative remedies against him. In so doing, I put particular emphasis on the fact that prison officials

identified Ms. Rector as the sole subject of NC-14-00367 at each stage of the grievance process. While the provider's decision to discontinue Plaintiff's medication was mentioned, it fails to show prison officials reviewed this medical decision. Instead, officials appear to have mentioned the provider's conduct for the sole purpose of relieving Ms. Rector of any personal responsibility for discontinuing Plaintiff's medication. And the grievance appeal decision supports this conclusion as it states, "[t]he prescription or discontinuation of psychotropic medications is determined solely by the psychiatric provider, not unit medical staff, based on the clinical needs of the individual inmate." (*Id.*)

I do not take lightly an allegation of failure to treat a Plaintiff's serious medical needs. However, before filing a civil complaint, the law rightly requires an attempt to reach resolution through the administrative process. This Mr. Smith has failed to do.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendant Shawn Richard's Motion for Summary Judgment (Doc. No. 43) be GRANTED.

2. Defendant Shawn Richard be DISMISSED without prejudice due to Plaintiff's failure to exhaust administrative remedies against him.

Dated this 3rd day of November, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE